In re MATSCHKE.

(District Court, E. D. New York. January 26, 1912.)

1. BANKRUPTCY (§ 143*)—ASSETS OF ESTATE—INSURANCE PROCEEDS.

Where involuntary proceedings were brought against a bankrupt in April, after he had been stricken with paralysis in the preceding January, and he died therefrom the following June, the trustee is entitled to the proceeds of a policy insuring the bankrupt against permanent disability from paralysis; the widow not being entitled to retain the proceeds on the theory that the disability did not necessarily appear to be permanent, so as to warrant a claim under the policy until the bankrupt's death, or because the insurer was entitled to one year from the date of claim in which to pay the policy, since the insurance was paid under the widow's claim that permanent disability was caused by the illness in January.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 143.*]

2. BANKRUPTCY (§ 143*)—ASSETS—REDUCTION—EXPENSES.

Whatever expense has been involved in collecting the money from the insurance company and in settling a suit therefor brought by the widow as administratrix, including attorney's fees, should be paid out of the fund.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 143.*]

___

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In the matter of William Matschke, bankrupt. On petition by the trustee to compel payment over of assets. Petition granted.

Albert T. Scharps, for petitioner.

David Tim, for respondent.

CHATFIELD, District Judge. [1] In January, 1909, the bankrupt was stricken with paralysis, which resulted fatally in the month of June of that year. On April 7, 1909, an involuntary petition in bankruptcy was filed against him. He was ill at the time, and all the matters of business were being conducted by his wife, who subsequently also obtained letters of administration, and as such administratrix has been paid $500, the proceeds of a policy of insurance which by its terms insured the deceased against permanent disability from paralysis and several other diseases. The insurance money in question had to be collected by suit, and the services of an attorney were required by the administratrix.

The trustee in bankruptcy has petitioned this court to compel the administratrix and her attorney to turn over one-half of the money received from this insurance, upon the ground that at the time of the adjudication in bankruptcy this policy came within the provisions of section 70a, par. 5, of the bankruptcy statute (Act July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3452]).

Objection is made that the disability occurring in January did not necessarily appear to be permanent until the death of the insured, and that the company also had one year from the date of claim within which to pay the claim if it saw fit. But neither of these objections would seem to affect this situation. The insurance was evidently paid, and the allegations of the complaint in the action brought by the administratrix are based upon the claim that permanent disability was occasioned by the illness in January, 1909.

If that be so, the defenses of the insurance company or the time within which it could contest the claim would not have anything to do with the accrual of the right on the part of the insured to be paid the amount of the insurance, and this plainly happened prior to the adjudication in bankruptcy. We therefore have the situation of a sum of money due to the bankrupt prior to adjudication, but which he had not yet collected, and which has since been received by the administratrix, who stands in his shoes as representing his estate.

Various suggestions have been made as to the intentions of the parties, inasmuch as this policy was not included in the schedules; but it is apparent that the bankrupt was so ill that neither he nor the administratrix are open to the charge of having concealed these assets, especially in view of the fact that the attorney for the administratrix has preserved the fund, and that they now dispute the right of the estate to claim this fund in such a way as to indicate that no willful concealment of admitted assets was intended. But on the general question it must be held that the claim was property of the bankrupt, the right to collect which he could have assigned prior to his death, and which therefore passed to the trustee in bankruptcy. The administratrix and her attorney make no claim which is adverse with

reference to this fund. They admit possession. The attorney's possession is merely that of agent. The parties are before the court, and the funds under the direction of the court, in that the only question involved is whether or not the bankrupt, or his estate, because of his decease, is entitled to retain it against the creditors.

[2] Whatever expense has been involved in collecting the money from the insurance company and in negotiating a settlement of the suit, including the attorney's fees for so doing, should be paid out of the fund. No exemption from execution, nor any expenditure of any of this money in directions which are equivalent to an exemption from execution under the Code, has been shown, and an order may be entered directing the administratrix and her attorney to pay over such amount as may be found upon the settlement of the order to be due. The court sees no reason why this order should not include the whole $1,000, even if but $500 is held in the hands of the attorney. The determination of right to the fund covers it all.